SO ORDERED: December 28, 2012.



_____
**Robyn L. Moberly**
**United States Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| JOSEPH ELMER WYLIE and | ) | |
| CAROL DEE WYLIE, | ) | Case No.: 11-13772-AJM-7A |
| | ) | |
| Debtors. | ) | |
| | ) | |
| WILLIAM TUCKER, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary Proceeding No.: |
| v. | ) | 11-50397 |
| | ) | |
| SOMERVILLE BANK, | ) | |
| | ) | |
| Defendant. | ) | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW
### AND ENTRY OF SUMMARY JUDGMENT IN FAVOR OF THE PLAINTIFF

This matter came before the Court on December 6, 2012 upon the *Motion for Summary Judgment* ("Motion") and *Brief in Support of Plaintiff's Motion for Summary Judgment Against Somerville Bank* filed on July 7, 2012, by William J. Tucker, the Chapter 7 Trustee, *Somerville Bank's Response to*

*Plaintiff's Motion for Summary Judgment* filed with this Court on August 29, 2012; and the Trustee's *Reply to Somerville Bank's Response to Motion for Summary Judgment* filed on August 31, 2012. At the December 6, 2012 hearing, the Trustee appeared by his counsel, Nicolette Mendenhall and Niccole Sadowski; Somerville National Bank appeared by its counsel, Tammy Lynn Ortman and Jennifer Ortman. The Court took the matter under advisement at the conclusion of the hearing and directed the parties to submit proposed findings and conclusions. The Court now makes its findings and conclusions pursuant to Fed. R. Bankr. P. 7052.

### *Findings of Fact*

1. On January 13, 2006, Joseph and Carol Wylie (the "Debtors") executed and delivered to Somerville National Bank ("Somerville") a promissory note in the original principal amount of $240,000.00 ("Note"). All funds loaned to the Debtors, pursuant to the Note, were disbursed to the Debtors on January 13, 2006. To secure payment of the Note, the Debtors granted to Somerville a mortgage (the "Morgan County Mortgage") in property they owned, located at 12143 Magnetic Acres Street, Mooresville, Indiana 46158 (the "Morgan County Property"). The Debtors also granted to Somerville a mortgage (the "Johnson County Mortgage") on property located at 5349 West 700 South, Morgantown, Indiana 46160 (the "Johnson County Property"), which they purchased with the Note proceeds.

2. Both the Johnson County and Morgan County Mortgages were recorded with the Johnson County Recorder on January 26, 2006, but Somerville failed to also record the Morgan County Mortgage with the Morgan County Recorder until almost six years later, on October 13, 2011. No additional consideration had been given from Somerville to Debtors in the intervening six year period, and the Morgan County Mortgage did not secure new indebtedness. Less than ninety (90) days later, the Debtors on November 9, 2011 (the "Petition Date"), filed their voluntary petition for relief under Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code").

3. As of the Petition Date, the Debtors owed Somerville $126,526.14.

2

4.      On December 9, 2011, the Trustee filed his motion to sell the Morgan County Property. This Court granted that motion on December 30, 2011, authorizing the sale of the Morgan County Property free and clear of liens with liens to attach to sale proceeds. The Court authorized payment of the outstanding obligation owed to the holder of the first priority lien on the Morgan County Property, and ordered that all remaining sale proceeds from the sale of the Morgan County Property were to be held by the Trustee until the Court could determine the amount, priority, and validity of the other liens on said proceeds.

5.      On November 29, 2011, the Trustee filed this adversary proceeding seeking judgment against Somerville avoiding the Morgan County Mortgage as a preferential transfer under §547 of the Bankruptcy Code, avoiding Somerville's lien on the Proceeds, and allowing the Trustee to recover the Proceeds for the benefit of Debtors' estate.

6.      On March 16, 2012, the Trustee filed a separate adversary proceeding against the Debtors and third parties, objecting to the Debtor's discharge under § 727 of the Bankruptcy Code for actions taken by the Debtors leading up to the date that the Morgan County Property was sold (the "Wylie Adversary").  The Wylie Adversary also seeks damages for items removed from the Morgan County Property.  The Wylie Adversary seeks to prevent the Debtors from getting a discharge of all of their debts and does not seek dismissal of the Wylies' bankruptcy case.

## *Conclusions of Law*
## Summary Judgment Standard

1.      A motion seeking summary judgment in federal bankruptcy court is governed by Federal Rule of Bankruptcy Procedure 7056, which incorporates Federal Rule of Civil Procedure 56 by reference. Where there is "no genuine dispute as to any material fact" then the "movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.

2.      Summary judgment is appropriate when, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex*

3

*v. Catrett,* 477 U.S. 317, 322 (1986). The Trustee has met this burden and proven to the Court there is no genuine dispute as to any material fact, and the Trustee is entitled to judgment as a matter of law.

3. When a movant's motion is adequate to support the basis of movant's claims, it is the non-movant's burden to demonstrate a genuine issue of fact for trial. *Crawford v. Countrywide Home Loans, Inc*. 647 F.3d 642, 647 (7th Cir. 2011). The non-moving party must point to specific evidence, that would be admissible at trial, which "could support judgment in [non-movant's] favor" in order to avoid entry of summary judgment against non-movant. *Marr v. Bank of Am., N.A.* 662 F.3d 963, 967 (7th Cir. 2011).

### Elements of an Avoidable Preferential Transfer

4. Pursuant to § 547(b) of the Bankruptcy Code, the elements of an avoidable preferential transfer are as follows:

> . . . any transfer of an interest of the debtor in property (1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt owed by the debtor before such transfer was made; (3) made while the debtor was insolvent; (4) made on or within 90 days before the date of the filing of the petition…; (5) that enables such creditor to receive more than such creditor would receive if (A) the case were a case under chapter 7 of this title; (B) the transfer had not been made; and (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

5. Once a trustee establishes all of the elements of a preferential transfer, § 547 of the Bankruptcy Code permits a trustee to recover the preferential transfer for the benefit of a debtor's bankruptcy estate. *See e.g. Warsco v. Preferred Tech. Group*, 258 F.3d 557, 563-564 (7th Cir. 2001); *In re ABC-Naco, Inc.*, 483 F.3d 470, 472 (7th Cir. 2007); *In re Longview Aluminum, LLC*, 657 F.3d 507, 509 (7th Cir. 2011).

6. A trustee must establish the elements of §547(b) by a preponderance of the evidence. *Wells Fargo Home Mortgage v. Lindquist*, 592 F.3d 838, 842 (8th Cr. 2010). Once the trustee establishes the elements of §547(b), the creditor has the burden of proof to raise defenses under § 547(c). *Wilen v. Pamparo Sav. Bank, S.L.A.* 429 B.R. 152, 174 (Bankr. D.N.J. 2010). A creditor must prove defenses to a

4

preference action by a preponderance of the evidence. *In re Midway Airlines*, 69 F.3d 792, 797 (7th Cir. 1995).

7. Somerville does not contest that it is a creditor of the Debtors, or that the Morgan County Mortgage was given to secure its debt. Rather, Somerville maintains that the recording of both the Johnson County and Morgan County Mortgages only in Johnson County up until October 13, 2011 nonetheless put any bona fide purchaser of the Morgan County Property on notice of the Morgan County Mortgage. Somerville also argues that it held the good faith belief that the Morgan County Mortgage had been properly recorded and that it would be inequitable to avoid the Morgan County Mortgage at this point since the Morgan County Property has been sold.

8. Pursuant to 11 U.S.C. §101(54), for the purposes of the Bankruptcy Code, "The term 'transfer' means . . . the creation of a lien . . . ." "The recording of a mortgage is a transfer of a property interest subject to avoidance as preferential." *In re Schwartz*, 383 B.R. 119, 123 (8th Cir. BAP 2008); *see also*, *Grochocinski v. Panarino*, 469 B.R. 286, 291 (Bankr. N.D. Ill. 2012).

9. Under Indiana law, for the mortgage to be a valid, perfected lien on the subject real estate, the mortgage must be recorded in "…the recorder's office for the county where the land is situated…". Ind. Code § 32-21-4-1. When the mortgage is recorded in the county in which the real property is located, the security interest of the mortgagee is "immediately perfected as to the assignor, mortgagor, pledgor, and any third parties." Ind. Code § 32-21-4-2. However, while a creditor with an unrecorded or improperly recorded mortgage may have an enforceable security interest against a debtor who granted the mortgage, the creditor's interest in the real property is void against third parties. *See, Weathersby v. JPMorgan Chase Bank, N.A.*, 906 N.E.2d 904 (Ind. App. 2009).

10. Typically, there is an appreciable, albeit short, period of time between the execution of a mortgage and its perfection, i.e., recordation. The bankruptcy code recognizes this commercial reality and does not penalize lenders for the gap between execution and recordation. Under §547(e)(2)(A), the "transfer" (created by the execution of the mortgage, the granting of the lien) is deemed to occur at the earlier point when the mortgage is granted, not actually recorded, as long as the mortgage is recorded

5

within thirty (30) days of its execution. However, the "transfer" date for mortgages that are recorded outside thirty days of execution is the date of actual recordation, not execution. 11 U.S.C. § 547(e)(2)(B). The Morgan County Mortgage was not recorded within the thirty day period and therefore the "transfer" occurred on October 13, 2011, within ninety days of the Petition Date.

11. The Morgan County Mortgage was for Somerville's benefit. On the Petition Date, the Debtors had been indebted to Somerville, pursuant to the Note, since January 13, 2006, and the Note is Debtors' only debt owed Somerville. The Morgan County Mortgage was recorded on October 13, 2011, in order to secure the obligations the Debtors had originally incurred to Somerville under the Note executed in 2006. If the Morgan County Mortgage had not been recorded, Somerville would have been an unsecured creditor in the Bankruptcy and shared pro rata in any distribution to creditors. The Morgan County Mortgage gave Somerville a lien first on the Morgan County Property which followed to the sale proceeds. Such a lien is clearly a benefit to Somerville.

12. The debt owed by Debtors to Somerville was incurred on January 13, 2006 and is an "antecedent debt owed before such transfer was made", as required by 11 U.S.C. §547(b)(2).

13. Under §547(f), debtors are presumed to be insolvent "on and during the 90 days preceding the date of the filing of the petition." Somerville failed to rebut this presumption.

14. The date of the "transfer" of the security interest in the Morgan County Property to Somerville took place only twenty-seven (27) days before the Debtor's Petition Date, well within ninety (90) days of the Petition Date.

15. The Morgan County Mortgage would have enabled Somerville to receive considerably more in the Bankruptcy than that it would have if the Morgan County Mortgage had not been recorded. As of the Petition Date, Somerville's only lien in the Bankruptcy was the Morgan County Mortgage. If the Morgan County Mortgage had not been recorded, on the Petition Date, Somerville would have been an unsecured creditor of the Debtors, only entitled to its pro rata share of any proceeds collected by the Trustee for the benefit of all of the unsecured creditors. As the holder of the Morgan County Mortgage,

Somerville would have been entitled to receive all or nearly all of the sale proceeds. Such a recovery is more than Somerville would otherwise receive under a chapter 7.

16. The Court concludes that the Trustee has established by a preponderance of the evidence all elements of a preferential transfer pursuant to 11 U.S.C. §547(b).

**Somerville Did Not Raise Any Valid Defenses To The Trustee's Complaint**

17. Somerville did not assert any defenses found in 11 U.S.C. §547(c). Instead, as a defense to this adversary proceeding, Somerville has argued that the Wylie Adversary impacts this adversary proceeding, and this adversary proceeding should be delayed because the Bankruptcy might be dismissed through the Wylie Adversary. As an additional defense to this adversary proceeding, Somerville also argued that the Trustee had actual, inquiry notice of the existence of the Morgan County Mortgage because the Mortgage was recorded in Johnson County.

18. Somerville's defenses are not valid defenses to the Trustee's Complaint or a preference action in general. There are not any issues in the Wylie Adversary that have any bearing on this adversary proceeding. In the Wylie Adversary, the Trustee seeks the denial of the Debtors' discharge and seeks to recover for various injuries sustained by Debtors' Estate. The Trustee does not seek a dismissal of the Bankruptcy. Further, nothing in the Bankruptcy Code requires that a case be dismissed simply because a debtor is not entitled to a discharge, and dismissal is often not in the creditors' best interest.

19. Somerville's argument that the Trustee had "actual" notice of the Mortgage or that Somerville believed in good faith that it had recorded the Morgan County Mortgage in Morgan County at the same time it recorded it in Johnson County fails. First, there is no such "actual notice" or "good faith belief" defense under §547(c). Rather, Somerville's argument pertains more to whether the Morgan County Mortgage was perfected when it was granted, or perfected when it was recorded. For the reasons stated above, this Court has concluded that the Morgan County Mortgage was perfected outside the thirty day window and therefore perfection – and "transfer"—occurred when the Morgan County Mortgage was recorded, which happened to be within the ninety day preference period. Furthermore, Somerville has

pointed to no authority that holds that a bona fide purchaser (the status possessed by the Trustee under §544(a)(3)) must look to a county other than the county in which the subject property is located to determine whether the subject property is encumbered by a mortgage.

### Somerville's Lien On The Proceeds, Pursuant To The Morgan County Mortgage, Is Avoided

20. The Court concludes that there is no genuine issue of material fact that the transfer to Somerville is a preferential transfer that is avoidable under 11 U.S.C. § 547, that there are no §547(c) defenses available to Somerville and that the Trustee is entitled to judgment as a matter of law. Accordingly, summary judgment shall be entered in favor of the Trustee and against Somerville as requested in both *Count I* and *Count II* of the Trustee's Complaint.

# # #

Distribution:
Nicolette Mendenhall/ Niccole Sadowski, Attorneys for the Chapter 7 Trustee
Tammy Ortman/ Jennifer Ortman, Attorneys for Somerville National Bank